1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11   ROBERT S. SMITH,                          CASE NO. C13-5230 RJB

                        Plaintiff,            ORDER
12

13          v.

14   MARK LINDQUIST,

                        Defendant.
15

16          This matter comes before the court on review of the file.

17                                 COMPLAINT

18          On March 27, 2013, plaintiff Robert S. Smith filed a complaint against Prosecutor Mark

19   Lindquist.  Dkt. 1.  When a plaintiff proceeds *pro se*, the district court is required to afford

20   plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and

21   argued to the district court.  *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), *citing Morrison*

22   *v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *see also Karim-Panahi v. Los Angeles Police*

23   *Dept.*, 839 F.2d 621, 623 (9th Cir. 1988)(pleadings of *pro se* civil rights plaintiff to be construed

24   liberally, affording plaintiff benefit of any doubt).

1    The complaint alleges that the prosecutor's office has "handed down guidance to law

2    enforcement officers that prevent them from taking reports of crimes from victims if the crime

3    occurred during or while the party is in a civil dispute with the perpetrator of the crime."  Dkt. 1,

4    at 2.  The complaint alleges that "this includes reports of theft, fraud, robbery, coercion, bodily

5    harm and potentially murder;" that "[i]n many instances the law enforcement officers and

6    investigators have been instructed to call the perpetrator for advice on how to proceed;" that this

7    "mandate" is in violation of federal identity theft requirements; that this instruction gives unfair

8    warning and protection to perpetrators of a crime; and that sworn statements and testimony from

9    victims go unrecorded and summarily dismissed.  Dkt. 1, at 2-4.  The complaint requests the

10   following relief:

11       The victims request that the prosecuting attorney's office follow federal and national
         guidelines for reporting and prosecuting crimes reported by victims.  Also that the
12       demand dollars be set aside for a victim's relief fund.

13   Dkt. 1, at 5.

14       Plaintiff indicated that this is a diversity action, but acknowledges that the action involves

15   citizens of Washington.  Dkt. 1-3.

16                                          LEGAL STANDARD

17       Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short

18   and plain statement of the claim showing that the pleader is entitled to relief."  Under Fed. R.

19   Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief

20   can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal

21   theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

22   *Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint does not need

23   detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

24

1 | relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

2 | cause of action will not do. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

3 | complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

4 | plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570).

5 | If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should

6 | be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717

7 | F.2d 1295, 1300 (9th Cir. 1983).  If the claim is not based on a proper legal theory, the claim

8 | should be dismissed.  *Id.*  "Dismissal without leave to amend is improper unless it is clear, upon

9 | de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret*

10 | *Service,* 2009 WL 2052985 (9th Cir.).

11 | <u>DEFICIENCIES IN COMPLAINT</u>

12 |         The complaint in this matter is deficient.  First, plaintiff claims that the court's

13 | jurisdiction is based upon diversity of citizenship, although plaintiff and defendant are citizens of

14 | the State. *See* 28 U.S.C. § 1332.  Second, there are insufficient allegations to establish that the

15 | amount in controversy exceeds $75,000.  The complaint is insufficient to establish diversity

16 | jurisdiction.

17 |         Second, in order to assert Federal Question jurisdiction, plaintiff must satisfy the

18 | requirements under 28 U.S.C. § 1331. In order to state a claim under 42 U.S.C. § 1983, a complaint

19 | must allege that (1) the conduct complained of was committed by a person acting under color of state

20 | law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the

21 | Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

22 | *other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to

23 | remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d

24 | 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  To state a civil rights claim, a

1   plaintiff must set forth the specific factual bases upon which he or she claims that each defendant

2   is liable.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Vague and conclusory

3   allegations of official participation in a civil rights violations are not sufficient to support a claim

4   under § 1983.  *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

5        The complaint does not set forth factual allegations that show that plaintiff is entitled to

6   relief.  There are no factual allegations that set forth what happened to plaintiff; when and where

7   those actions occurred; and who was involved in violating plaintiff's rights.  Further, even if

8   plaintiff alleges that Prosecutor Lindquist has issued a mandate/direction/instruction/guidance

9   that the Prosecutor's Office will not prosecute an action criminally if a complainant is involved

10  in a civil action with a person against whom the complaint is made, the Prosecutor is entitled to

11  absolute immunity.  *See Roe v. City and County of San Francisco*, 109 F3d 578, 583 (9th Cir.

12  1997).  The complaint fails to state a claim.

13                                    AMENDMENT OF COMPLAINT

14       Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is

15  entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal

16  of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).  Before the court

17  dismisses this action for failure to properly allege subject matter jurisdiction and for failure to

18  state a claim, plaintiff should be afforded the opportunity to file an amended complaint.

19       Accordingly, it is hereby **ORDERED** that plaintiff may file an amended complaint not

20  later than April 12, 2013.  If plaintiff fails to file an amended complaint, or if the amended

21  complaint he files fails to establish federal court jurisdiction and/or fails to state a claim for

22  relief, the court will dismiss the case.

23

24

ORDER- 4

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2 to any party appearing *pro se* at said party's last known address.

3   Dated this 29th day of March, 2013.

4

5                 

6        ROBERT J. BRYAN
         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER- 5